UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ALBERT EARLE SMITH** | : | Civil Action No. 05-1546 (CKK) |
| | : | |
| v. | : | Hon. Colleen Kollar-Kotelley |
| | : | |
| **UNITED STATES PAROLE** | : | |
| **COMMISSION, et al.,** | : | |
| | : | |

### U.S. PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S
### *PRO SE* PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission, through its attorney, the United States Attorney for the District of Columbia, hereby respectfully opposes petitioner's *pro se* petition for a writ of habeas corpus. In support of its opposition, the United States submits the following:

### PROCEDURAL HISTORY

Petitioner is currently serving a parole violator warrant sentence, originally imposed as an aggregate seven to 21-year prison term, based upon his convictions for second-degree burglary while armed and armed robbery in Superior Court Case No. F-4096-80. *See* Exhibit One (District of Columbia Department of Corrections Face Sheet). Petitioner was first considered for parole by the D.C. Board of Parole ("Board") in 1991, while he was serving his sentence at a federal prison facility in Lewisburg, Pennsylvania; however, the Board denied petitioner's petition for parole and ordered that the case be reviewed again in April 1992. *See* Exhibit Two (Notice of Action, May 22, 1991). The Board reconsidered petitioner's eligibility for parole in 1992; however, they rejected his petition and ordered that his case be reviewed in 12 months. *See* Exhibit Three (Notice of Board Order, November 24, 1992). Petitioner's case was reviewed by the Board again in 1993 through 1995; however, the Board found that he was not eligible for

parole. *See* Exhibits Four through Six (Notice of Board Order, November 16, 1993; Notice of Board Order, October 24, 1994; Notice of Board Order, May 3, 1995). Although petitioner was ordered to be released on parole in July 15, 1996, the Board rescinded the order when petitioner was found to have committed institutional misconduct prior to his release. *See* Exhibits Seven and Eight (Notices of Board Orders, July 15, 1996 and July 3, 1997). The Board considered petitioner for parole in 1998; however, they denied his petition for parole and ordered that he remain in jail until the date of his mandatory release under his sentence. *See* Exhibit Nine (Notice of Board Order, June 8, 1998). Petitioner was ultimately released on parole on September 28, 1998, and he was to remain on parole until March 27, 2002. *See* Exhibit 10 (Violation Report, April 12, 2000).

On April 12, 2000, the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA") notified the Board that petitioner violated the following conditions of his parole: 1) illegal use of heroin in March 2000; 2) illegal use of marijuana in February and March 2000; 3) illegal use of cocaine in February and March 2000; 4) failure to report for drug testing in January 2000; 5) failure to report for drug testing in March 2000; 6) failure to report for evaluation for drug treatment; and 7) failure to report to his parole officer in April 2000. *Id*. Consequently, the Board issued a parole warrant for petitioner's arrest on May 10, 2000. *See* Exhibit 11 (Warrant). The warrant was executed on August 7, 2000, and jurisdiction over petitioner's case was transferred to the U.S. Parole Commission ("Commission") on August 11, 2000. *See* Exhibit 12 (Execution Warrant Transmittal).[1] On November 3, 2000, the Commission

---

[1] The National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §§ 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131 (formerly § 24-1231), transferred the functions of the D.C. Board of Parole to the

2

ordered that petitioner be released from custody and reinstated his parole. *See* Exhibit 13 (Notice of Action, November 3, 2000).

The Commission issued a warrant for petitioner's arrest on March 6, 2001, for violating his conditions of parole. *See* Exhibit 14 (Warrant). Once the warrant was executed, petitioner appeared for a revocation hearing on October 11, 2001, and admitted to the charges; his parole was revoked. *See* Exhibit 15 (Revocation Hearing Summary). The Commission ordered petitioner to serve 12 months of imprisonment prior to being re-paroled, and he was not to receive credit for any time that he had spent on parole. *See* Exhibit 16 (Notice of Action, October 29, 2001). The Commission retarded petitioner's parole on two occasions prior to rescinding his parole on April 24, 2002, and ordering petitioner to serve eight additional months in jail. *See* Exhibits 17 - 19 (Notices of Action). Petitioner was re-paroled on October 28, 2002, and he was to remain on parole until March 29, 2005. *See* Exhibit 20 (Certificate of Parole).

On October 22, 2003, the Commission issued another parole warrant for petitioner's violation of his parole conditions. *See* Exhibit 21 (Warrant). Petitioner was arrested on the warrant on November 10, 2003, and attended his parole revocation hearing on December 11, 2003. *See* Exhibits 21 and 22 (Warrant, Revocation Hearing Summary). The Commission revoked petitioner's parole, ordered him to serve 14 months of imprisonment, and ordered that he be re-paroled on January 7, 2005. *See* Exhibit 23 (Notice of Action, January 6, 2004). Petitioner was re-paroled on January 7, 2005, and ordered to remain on parole until December

---

U.S. Parole Commission, and transferred jurisdiction over D.C. Code offenders to the Commission.

24, 2005.  *See* Exhibit 24 (Certificate of Parole, December 22, 2004).

On March 21, 2005, the Commission issued a parole warrant for petitioner's arrest for drug use, failure to submit to drug testing, failure to report to his supervision officer, and violation of the drug aftercare condition of his parole.  *See* Exhibits 25 and 26 (Warrant Application, Warrant).  Petitioner was arrested on the warrant on April 7, 2005, and the Commission held a revocation hearing on June 16, 2005.  *See* Exhibit 27 (Revocation Hearing Summary).  The Commission revoked petitioner's parole, ordered that he not receive credit for the time that he spent on parole, and denied re-parole.  *See* Exhibit 28 (Notice of Action, July 7, 2005).

## ARGUMENT

### A. Introduction

Petitioner claims that the Board and the Commission illegally extended his underlying sentence, and that this extension amounts to cruel and unusual punishment under the Constitution.  *See* Petition at pp. 2-4.  Petitioner also argues that the government has not given him proper credit for the time that he has already served during his sentence.  *Id*. at 2-3.  Petitioner's arguments suggest that he should have been given credit for the time he has spent on parole, and that the denial of credit for the time he has spent on parole is causing him to he unlawfully held.  Petitioner's claim is without merit and should be denied because his sentence is being executed in accordance with the applicable law which requires the forfeiture of what is commonly known as "street time" when a parolee's parole is revoked.

### B. Petitioner's Claim For Habeas Relief Should Be Denied

Petitioner's claim that the Commission violated his rights under the Constitution when it did not give him credit for street time fails. To the contrary, it has long been established that when a prisoner violates parole and parole is subsequently revoked, "[t]he time [the] prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a).

Indeed, in *United States Parole Commission v. Noble*, 693 A.2d 1084, 1086-87 (D.C. 1997), adopted *en banc*, 711 A.2d 85 (D.C. 1998), the District of Columbia Court of Appeals held that, under D.C. Code § 24-206(a), a parolee must forfeit all the time spent he has spent on parole if parole is revoked, *i.e.*, he must forfeit his "street time."[2] Later, in *Davis v. Moore*, 772 A.2d 204 (D.C. 2001) (*en banc*), the District of Columbia Court of Appeals held that the retroactive application of *Noble* to prisoners whose "street time" had been served before *Noble* was decided did not violate the *ex post facto* clause. *Davis*, 772 A.2d at 215-16. Thus, there is no support for Petitioner's claim that he is entitled to credit for his "street time" or that the forfeiture of his "street time" following the revocation of his parole violates his Constitutional rights.

---

[2] After *Noble* was decided, D.C. Code § 24-206 was re-codified at § 24-406.

**CONCLUSION**

For the foregoing reasons, Petitioner is not entitled to relief on his claims, and thus this Court summarily should deny Petitioner's petition for a writ of habeas corpus.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

ROBERT D. OKUN
Chief, Special Proceedings Section

_____/s/_____
TRICIA D. FRANCIS
D.C. Bar 457800
Assistant United States Attorney
555 Fourth Street, N.W., Tenth Floor
Washington, D.C. 20530
(202) 353-9870

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 30th day of September, 2005, a copy of the foregoing pleading was served via U.S. mail on Petitioner Albert Earle Smith, *pro se*, postage prepaid, at the following address:

Albert Earle Smith
1901 D St., SE
Washington, DC 20003

                                                _____
                                                ASSISTANT UNITED STATES ATTORNEY