# EXHIBIT 15




# REVOCATION HEARING SUMMARY

| | |
|---|---|
| Name . . . . . . . . . . : Smith, Albert | Supervision . . . . . : parole |
| Reg . . . . . . . . . . . : 00111-000 | Artuso . . . . . . . . . : NO |
| Examiner . . . . . . . : Charles J. Lyons | Artuso Years Remaining: |
| Warrant Executed : 4/4/2001 | Months in Custody : 9 |
| Preliminary Interview: 4/10/2001 | Custody Type . . . : federal |
| Institution . . . . . . : Central Facility | Projected MR Date : 12/13/2003 |
| 2nd Designation . : | Full Term Date . . : |
| Revoking District : District of Columbia | Hearing Date . . . . : 10/11/2001 |
| Hearing Type . . . . : Local | |

It should be noted that the subject was part of a group of residents that were released early by the US Parole Commission. The subject had technical violations at the time of his release after he was taken back in custody. The subject served 3 months in custody from 8/7/2000 through 11/10/2000 prior to being mandatory released on two of the same violations. Therefore, the examiner notes that in addition to the 6 months from the point the warrant was executed an additional 3 months should be credited toward his time spent in custody.

I. Counsel And Witnesses:

Attorney Masor
633 Indiana Avenue, NW
Washington, DC

Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:

None.

II. Procedural Considerations:

None.

III. Instant Warrant Information:

See the Pre-Hearing Assessment dated 7/5/2001.

**EXHIBIT 15**

SMITH.111    Typist: GTT    Date Typed: October 19, 2001          Page 1 of 4

## IV. Review of Charges:

Charge No. 1: Use of Dangerous and Habit Forming Drugs.

The subject admitted to this violation. However, the subject's attorney questioned the 3/13/00 Cocaine positive based on the fact that she did not have a copy of the urinalysis in her packet. The Parole Officer, Ms. Collins pulled the urinalysis report and submitted it to the subject's attorney. However, the subject stated that he admitted to all of the above urines.

Evidentiary Findings:

The subject's admission and lab reports is sufficient to support this charge.

Charge No. 2: Failure to Report to USPO as Directed.

The subject admitted to this charge. However, it should be noted that the subject's attorney objected to his admission. The subject despite the attorney's objection stated that he did miss his appointments and failed to report as directed in regards to Charge 2.

Evidentiary Findings:

The subject's admission despite his attorney's objections and information contained in letter dated 4/12/2000 from USPO Kisha Patterson is sufficient to support this charge.

Charge No. 3: Failure to Report to USPO as Directed.

The subject admitted to this charge despite his attorney's objections. The subject stated that he was in fact in violation of all of the aforementioned conditions of release despite the attorney's objections to his admitting to the violation. It would appear that the subject's attorney was basically attempting to get the subject to deny all of the charges, but, the subject stated that he wanted to go ahead and accept responsibility for his violations and he apologized to his parole officer (Ms. Collins) and admitted to all of the above charges despite counsel's advice.

Evidentiary Findings:

The subject's admission is sufficient to support a finding in this charge.

## V. Findings of Fact And Basis:

The Examiner finds that subject has committed the following violation(s): Charge No. 1: Use of Dangerous and Habit Forming Drugs.
Basis: Your admission to the hearing examiner and information contained in letter dated 4/12/2000 and lab reports from USPO Patterson.

Charge No. 2: Failure to Report as Directed.
Basis: Your admission to the hearing examiner and information contained in letter dated 4/12/2000 from USPO Patterson.


Charge No. 3: Failure to Report as Directed.
Basis: Your admission to the hearing examiner and information contained in letter dated 1/16/2001 from USPO Collins.

**No Findings And Supporting Rational:**

None.

**VI. Previous Commission Action:**

See the Pre-Hearing Assessment dated 7/5/2001.

**VII. Fines, Restitution, Other court Ordered Payments:**

None.

**VIII. Parole Risk:**

The subject readily admits to his addiction to illegal drugs since age 15 up to the present. The subject may no longer have a propensity toward violent offenses in as much as the subject has not committed a violent offense in the past 20 years. However, the subject may be a poorer risk due to his long term addiction.

**IX. Community Resources And Issues:**

The subject is in need of an in-patient drug treatment program. The subject's attorney submitted a letter from the Public Defender's Service dated 10/2/2001 recommending treatment. This letter is enclosed in the file.

**X. Salient Factor Score:**

- 0 - A. Prior Convictions/Adjudications (Adult or Juvenile)
- 0 - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
- 2 - C. Age at Current Offense/Prior Commitments
    !!! **Error with Bgn Delimiter** !!! (5 or more commitments)
- 0 - D. Recent Commitment Free Period (Three Years)
- 0 - E. Probation/Parole/Confinement/Escape Status Violator
- 1 - F. Older Offenders
- 3 - **Total Salient Factor Score**

**XI. Evaluation:**

The subject despite the advice of his attorney readily admitted to all of the violations of parole during this hearing. The subject requested that the Commission consider him for in-patient drug treatment. The subject has abused drugs since age 15 to the present time. This examiner is of the opinion that the subject's request for help was credible and sincere at this point in his life. It should also be noted that the subject's attorney did everything to advise the subject to deny all of the charges, however the subject against counsel's advice admitted to all of the violations of parole and also spoke for himself in terms of mitigation. It appears that the subject although a

SMITH.111   Typist: GTT   Date Typed: October 19, 2001   Page 3 of 4

substance abuser is a very intelligent man who may have a chance to straighten his life out if given an opportunity at this point to participate in in-patient drug treatment. This examiner would recommend a total of 12 months dating back to 8/7/2000 when he had two of the violations in question held in abeyance at his release for 3 months from 8/7/2000 to 11/10/2000 and then the 6 months from which the warrant was executed to today's hearing, he be given credit for 9 months in custody and continue the subject to a parole effective date of 1/7/2002 after the service of 12 months and the Court Services and Offenders Supervision Agency investigation the feasibility of placement in an in-patient drug treatment program upon release.

It would appear that treatment and placement in a drug treatment program would be appropriate at this time based on the subject's willingness to involve himself in this type of treatment. .

## XII. Recommendation:

Revoke parole. None of the time spent on parole shall be credited. Parole effective after the service of 12 months on 1/17/2002. You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment. The Court Services and Offenders Supervision Agency should investigate the feasibility of placement in an in-patient drug treatment program upon his release. In addition, the subject will have a special condition of drug aftercare.

## XIII. Reasons:

Your parole violation behavior has been rated as Category One severity because it involved administrative violations, specifically: administrative violations of parole. Your new salient factor score is 3. As of your hearing date of 10/11/2001, you have been in federal custody for 9 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Subsequent statutory interim not required.