# EXHIBIT 22

**Name: Smith, Albert**                                                      Reg No: 00111-000

**Hearing Parameters**

    Hearing Type ..............................: HearingType]

    Hearing Date ...............................: 12/11/03

    Examiner ......................................: Michael Green

    Institution ...................................: D.C.-Correctional Treatment Facility

    Second Designation .....................: N/A

**Sentence Parameters**

    Sentence Type .............................: **DC Parole Eligible**

    MR/Statutory Release Date..........: Not provided

    Full Term Date ............................: Not provided

    Months in Custody ......................: 1 as of 12/8/03

    Detainer ......................................: None

**Warrant Parameters**

    Supervision .................................: **Parole**

    Revoking District & Office..........: Washington, DC - CSOSA

    Warrant Execution Date................: 11/8/03

    Probable Cause Date ....................: 11/14/03

**Additional text regarding the above parameters:** None

---

**Prior Action:** See the Probable Cause Hearing dated 11/14/03 and the Expedited Revocation Prehearing Assessment dated 11/23/03.

**Counsel:** Mr. Tracy Hayes, Staff Attorney, Public Defender Service for the District of Columbia
633 Indiana Avenue, NW
Washington, DC 20004

**Witnesses:** CSO Renard Sessoms of the CSOSA was present as the adverse witness.

**Procedural Considerations:** On subject's behalf, Attorney Hayes complained of his having not received a response to his 11/19/03 Freedom of Information Act request. He stated that he made FOIA request from the Community Supervision file. This examiner responded by indicated that the Commission believes that it has satisfied its disclosure requirements at the time of the Probable Cause Hearing by having provided disclosure materials at that time. Attorney Hayes indicated that he believes that the Commission's disclosure requirement is ongoing and should extend beyond the period of time the Probable Cause Hearing is filled. This examiner agreed that if the Commission is provided additional information at the Probable Cause Hearing it should

**EXHIBIT 22**

Smith, Albert, Reg. No. 00111-000                                              Page 1 of 4

provide the additional information to subject and counsel if that information is intended to be used as evidence at the parole Revocation Hearing. However, this examiner did not find that to be the case for this hearing and therefore noted the attorney's concern regarding his having not received the FOIA information.

On subject's behalf, Attorney Hayes indicated that he does not believe the Commission has jurisdiction to conduct a parole Revocation Hearing for subject and that subject did not sign a certificate of parole when he was released to the community. Mr. Hayes cited the Commission's Rules and Procedures Manual Section 2.29-Release on Parole. He indicated that a parole grant shall not be deemed to be operative until his certificate of parole has been delivered to the prisoner. He also noted Section 2.29-01(a) and (b). Reflecting the processes of a parole grant. The information contained in the examiner packet does not have a signed parole certificate and the supervision officers did not have a copy of a signed parole certificate. However, this examiner concluded that the Commission did have jurisdiction in that subject participated in the parole supervision process thereby acknowledging his parole supervision obligation. In support of this, CSO Sessoms provided this examiner with a copy of an Accountability Contract dated 8/14/03 that was signed by subject. The Accountability Contract references the conditions and special conditions of release as granted by the US Parole Commission and of the possible consequences for non-compliance with the Accountability Contract. A copy of the Accountability Contract has been secured and placed in the examiner packet. This examiner in concluding that subject was aware of his supervision obligation decided that the Commission does have jurisdiction and therefore conducted the Revocation Hearing.

**Charges:**

**Charge No. 1 - Failure to Submit to Drug Testing.**
    **Evidence Presented:** On subject's behalf, Attorney Hayes indicated that subject stands silent regarding the charge.
    **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
    **Basis:** The violation report dated 10/15/03 to include a drug status report of the same date.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.**
    **Evidence Presented:** On subject's behalf, Attorney Hayes indicated that subject stands silent regarding the charge.
    **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
    **Basis:** The report of alleged violations dated 10/15/03 to include the drug status report of the same date.

**Charge No. 3 - Failure to Report to Community Supervision Officer as Directed.**
    **Evidence Presented:** On subject's behalf, Attorney Hayes indicated that subject stands silent regarding the charge.
    **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
    **Basis:** The violation report dated 10/15/03 to include the supervision level attachment, supervision report of 8/13/03, running records of 8/5/03 and letter dated 9/15/03.

**Discipline:** None.

**Release Plans:** Upon release from confinement, subject plans to reside with his mother Francis O. Smith at 1818 Potomac Avenue SE, Washington, DC 20003. He provided telephone number (202) 546-2246.

## Guideline Parameters

**Severity Justification:** Category One because it involved Administrative Violations.
**Salient Factor Score:** 2.

**Re-parole Guideline Range:** ............... 12-14.

**Evaluation:** Subject is presently 53 years of age. He has been in custody for 1 month as a result of the execution of the parole violation warrant. Subject has prior convictions for offenses of Burglary, Armed Robbery, Assault with Intent to Rob, Assault, Theft, Burglary while Armed and Violation of the Uniform Narcotic Act. Subject also has a history of drug addiction.

Subject declined to reply to all of the parole violation charges. When he did so, this examiner reminded him and his attorney of the opening statement indicating that if he chose to make no reply to the charge, the hearing will proceed and my recommendation will be made on the basis of the information available. Nevertheless, the subject decided to exercise his 5th Amendment Right. This examiner was made aware of the reason for subject's decision not to reply to the charges. According to Attorney Hayes, subject disputes the Commission's Jurisdiction to conduct the Revocation Hearing because subject did not sign a parole certificate when he was released from a federal institution on 10/28/02. It is noted that the examiner packet did not have a copy of assigned parole certificate and the CSO did not have a copy of a signed parole certificate in the supervision file. However, subject participated in the parole supervision process and thereby acknowledged his supervision obligation. Subject acknowledged this by signing an Accountability Statement on 8/14/03 witnessed by his CSO pertaining to participation in a Sanction Program. This examiner also notes that subject has been under parole supervision in the past and should be aware of the conditions of parole release. This examiner having concluded that the Commission does have the jurisdiction to conduct a parole Revocation Hearing, conducted the hearing and made findings based on the basis of the information available.

This examiner believes that subject should be held accountable for the parole violation behavior and that a sanction in the middle of the guidelines is appropriate given that this is subject's second parole revocation. Whenever subject is released from the parole violation commitment, he should be required to respond to the special Drug Aftercare condition.

**Recommendation:** Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole on 1/7/05 after the service of 14 months.

**Conditions:** Drug Aftercare.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

**Executive Reviewer's Comments:**

Smith, Albert, Reg. No. 00111-000                                Page 3 of 4

MXG/PAH
December 16, 2003