# EXHIBIT 26

**U.S. DEPARTMENT OF JUSTICE**　　　　　　　　　　　　**WARRANT APPLICATION**
**UNITED STATES PAROLE COMMISSION**　　　　　　　　　　**D.C. Code Offender**

---

Name ........................... Smith, Albert

| | |
|---|---|
| Reg. No ........................... 00111-000 | Date ........................... March 21, 2005 |
| DCDC No ....................... 160-733 | Termination of Supervision ..... 12/24/2005 |
| FBI No ........................... 570471G | [If Conviction Offense Before April 11, 1987 And |
| Birth Date ....................... 1/4/50 | Offender Is On Mandatory Release, Termination |
| Race ............................... Black | Date Is 180 Days Prior To Full Term] |
| | Violation Date ........................... 1/25/2005 |
| | Released ........................... January 7, 2005 |

Sentence Length ............ 21 years (original); 776 days (parole violator term)
Original Offense ............. Burglary II; Armed Robbery

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:

Cocaine, Marijuana: 1/25/2005
Cocaine, Opiates, Marijuana: 1/27/2005

This charge is based on the information contained in the violation report dated 3/3/2005 from supervising officer Calvin Smith and corresponding laboratory report dated 3/2/2005.
**I ADMIT [ ] or DENY [ ] this charge.**

---

Smith, Albert
Reg. No. 00111-000　　DCDC No. 160-733



EXHIBIT 26

**Charge No. 2 - Failure to ●bmit to Drug Testing.** The releasee ●●d to submit urine specimens on 2/1/2005, 2/3/2005. This charge is based on the information contained in the violation report dated 3/3/2005 from supervising officer Calvin Smith.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 3 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 2/8/2005, 2/18/2005 & 3/1/2005 as directed. The releasee has not contacted his CSO since 2/3/2005 and is unavailable for supervision. This charge is based on the information contained in the violation report dated 3/3/2005 from supervising officer Calvin Smith.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 4 - Violation of Special Condition (Drug Aftercare).** The releasee failed to report for a substance abuse treatment evaluation on 2/24/2005. This charge is based on the information contained in the violation report dated 3/3/2005 from supervising officer Calvin Smith.
I ADMIT [ ] or DENY [ ] this charge.

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued.................. March 21, 2005          Deirdre Jackson, Deputy Case Services Administrator
                                                         U.S. Parole Commission

Community Supervision Office Requesting Warrant: General Supervision Unit VII-Team 4, 25 K Street

---

Smith, Albert
Reg. No. 00111-000    DCDC No. 160-733