# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| ALBERT EARLE SMITH, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | :     Civil Action No.  05-1546 (CKK) |
| | : |
| FRED FIGUEROA, WARDEN, *et al.*, | : |
| | : |
| Respondents. | : |

---

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's *pro se* petition for a writ of habeas corpus.   The petition will be denied.

## I.  BACKGROUND

In 1981, petitioner began to serve an aggregate sentence of seven to 21 years' imprisonment.[1]  *See* Resp't Resp., Ex. 1 (Face Sheet prepared June 24, 1982).  Although the District of Columbia Board of Parole ("Parole Board") considered petitioner's application on several occasions since 1991, *see id.*, Ex. 2-9, petitioner was not actually released until September 28, 1998, his mandatory parole release date.  *See id.*, Ex. 10 (Report of Alleged Violations dated April 12, 2000) at 1.  He was to remain under parole supervision until March 27, 2002, his full term date.  *Id.*

---

[1]    Plaintiff had been convicted in the Superior Court of the District of Columbia of armed robbery and second degree burglary while armed.  *See* Resp't Resp., Ex. 1.

Petitioner's parole officer reported that petitioner allegedly violated the conditions of his parole, among other things, by using controlled substances (heroin, marijuana, and cocaine), and by failing to report for weekly urinalysis. Resp't Resp., Ex. 10. Based on this report, on May 10, 2000, the Parole Board issued a warrant for petitioner's arrest. *Id.*, Ex. 11 (Warrant). The warrant was executed on August 7, 2000. *See id.*, Ex. 12 (Executed Warrant Transmittal).

On November 3, 2000, the United States Parole Commission ("Parole Commission") terminated parole revocation proceedings and ordered petitioner's release from custody.[2] Resp't Resp., Ex. 13 (Notice of Action dated November 3, 2000). Upon execution of another parole violator warrant on April 4, 2001, petitioner was returned to custody. *Id.*, Ex. 14-15 (Warrant dated March 6, 2001 and Parole Revocation Summary, respectively). At his October 11, 2001 revocation hearing, petitioner admitted his guilt for three parole violations: using a controlled substance (cocaine) and by failing to report to his parole officer on two occasions. *Id.* Consequently, the Parole Commission revoked petitioner's parole, and ordered him to serve 12 months' imprisonment before reparole. *Id.*, Ex. 16 (Notice of Action dated October 29, 2001). Plaintiff was not reparoled, however, until October 28, 2002. *Id.*, Ex. 20 (Certificate of Parole).[3]

---

[2]	By this time, the United States Parole Commission assumed the jurisdiction and authority formerly vested in the District of Columbia Board of Parole. *See* D.C. Code § 24-131(a).

[3]	In the interim, the Parole Commission retarded petitioner's parole on two occasions. First, parole was retarded pursuant to 28 C.F.R. § 2.83 for the purpose of developing a suitable release plan. Resp't Resp., Ex. 17 (Notice of Action dated January 14. 2002). On the second occasion, parole was retarded for petitioner's violation of institutional rules: use of non-prescribed narcotics or paraphernalia. *Id.*, Ex. 18 (Notice of Action dated March 13, 2002). The Parole Commission rescinded parole on April 24, 2002 because petitioner tested positive for cocaine, and ordered petitioner to serve another 8 months' imprisonment. *Id.*, Ex. 19 (Notice of Action dated May 6, 2002).

Petitioner was returned to custody yet again upon execution of a parole violator warrant on November 10, 2003.  Resp't Resp., Ex. 21-22 (Warrant and Revocation Hearing Summary, respectively).  A hearing examiner found that petitioner was guilty of using drugs, failing to report for drug testing, and failing to report to his parole officer.  *Id.*, Ex. 22.  Once again, the Parole Commission revoked parole, and ordered petitioner to serve an additional 14 months' imprisonment.  *Id.*, Ex. 23 (Notice of Action dated January 6, 2004).   Petitioner was reparoled on January 7, 2005, and was to remain on parole until December 24, 2005.  *Id.*, Ex. 25 (Certificate of Parole).

Petitioner was returned to custody pursuant to a parole violator warrant executed on April 7, 2005.  Resp't Resp., Ex. 27 (Revocation Hearing Summary).  At his June 16, 2005 revocation hearing, petitioner admitted that he used drugs, failed to report for drug testing, and failed to report to his parole officer.  *Id.*  The Parole Commission again revoked parole and, further, denied reparole.[4]  *Id.*, Ex. 28 (Notice of Action dated July 7, 2005).

## II.  DISCUSSION

Petitioner challenges the authority of the Parole Commission "to extend/expand the petitioner's sentences for over 30 years."  Pet. at 2.  He attributes his extended imprisonment in part to the Parole Commission's failure to credit the time he spent on parole toward service of his sentence.  *Id.* at 3.  Petitioner's challenge fails.

It appears that petitioner misunderstands the Parole Commission's function.  It cannot impose a prison sentence on an offender; that authority rests with the Superior Court of the

---

[4]      Presumably, petitioner will remain incarcerated until his full term date, March 23, 2006.  *See* Resp't Resp., Ex. 27 at 1.

3

District of Columbia.  *See, e.g.,* D.C. Code § 11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law).  By statute, the Parole Commission has full authority to grant, deny, or revoke a District of Columbia offender's parole, and to impose or modify conditions upon an order of parole.  *See* D.C. Code § 24-131(a).  If a parolee allegedly has violated conditions of his release, the Parole Commission is authorized to "[i]ssue a warrant for the apprehension and return of the offender to custody."  28 C.F.R. § 2.98(a)(2).  It is authorized to "consider all available and relevant information concerning the prisoner's conduct while on parole."  28 C.F.R. § 2.81(d).  Among the available sanctions for a parolee's conduct while on parole is his return to custody.  *See* 28 C.F.R. § 2.20.  The fact that petitioner finds himself in custody long after his original Superior Court sentence would have expired is due to his own conduct, both while incarcerated and while on parole.

Petitioner is not entitled to receive credit toward service of his sentence for "street time," the days he spends on parole before parole is revoked.  *See Davis v. Moore*, 772 A.2d 204 (D.C. 2001) (en banc) (holding that retroactive application of *Noble* does not violate due process and *ex post facto* clauses); *United States Parole Comm'n v. Noble*, 711 A.2d 85 (D.C. 1998) (concluding that time offender spends on parole before revocation cannot be credited toward service of sentence); D.C. Code § 24-406(a).

## III.  CONCLUSION

A writ of habeas corpus shall not extend to a District of Columbia prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Petitioner has made no such showing, and, therefore the Court must deny his petition.  An Order consistent with this Memorandum Opinion will be issued this same day.


_____/ s /_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date:   October 24, 2005